Richard A. Ehlers, Esq. Town Attorney, Riverhead
You have asked whether a town board may establish a board of police commissioners consisting of three members of the town board.
A town board is authorized to establish and organize a town police department (Town Law, § 150[1]). The town board by resolution may establish a board of police commissioners to exercise all the powers otherwise granted to the town board in relation to police matters (id.,
§ 150[2]). This board is to consist of one or three police commissioners who serve without compensation and at the pleasure of the town board (ibid.). In the event that a single police commissioner is appointed, the town board, in addition, must designate two members of the town board to serve as members of the police commission (ibid.). As a final option, a town board by resolution may designate the supervisor to serve as police commissioner (ibid.). The town board at any time by resolution may abolish a police commission or revoke the designation of the supervisor as police commissioner (ibid.). The power to govern the department will then devolve upon the town board (ibid.).
Under Article IX of the New York State Constitution, local governments have power to adopt and amend local laws not inconsistent with the provisions of the Constitution or any general law, relating to their property, affairs or government and in relation to the powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of their officers and employees (Art IX, § 2[c][i] and [ii][1]; Municipal Home Rule Law, § 10[1][i] and [ii][a][1]).
In our view, determination of the structure of a town police department, establishment of positions and defining the powers and duties of these positions are matters within the "affairs and government" of the town (id., § 10[1][i]; N Y Const, Art IX, § 2[c][i]). Additionally, under Municipal Home Rule Law, § 10(1)(ii)(a)(1) (see, also, N Y Const, Art IX, § 2[c][ii][1]), a town has considerable authority to establish and structure local positions. We have recognized the authority of municipalities to establish and structure police departments through the adoption of local laws (Op Atty Gen No. 85-60; 1982 Op Atty Gen [Inf] 80; 1980 Op Atty Gen [Inf] 269). The courts have recognized the extensive home rule authority of local governments with respect to local offices and positions (Resnick v County of Ulster, 44 N.Y.2d 279 [1978]).
Thus, local law powers permit the establishment of a board of police commissioners consisting of three members of the town board. A town board in exercising its local law powers may amend or supersede a provision of the Town Law unless the Legislature expressly has prohibited adoption of such a local law (Municipal Home Rule Law, § 10[1][d][3]).
We conclude that a town board by local law may establish a board of police commissioners consisting of three members of the town board.